UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN ANTHONY GALAVIZ,<br><br>                      Plaintiff,<br>     v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>                      Defendant. | CASE NO. C19-1611JLR<br><br>ORDER GRANTING MOTION TO DISMISS |

## I. INTRODUCTION

Before the court is Defendant Federal Bureau of Investigation's ("the FBI") motion to dismiss Plaintiff Ryan Anthony Galaviz's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (MTD (Dkt. # 4); *see also* Compl. (Dkt. # 1-1); Am. Compl. (Dkt. # 5-1).) Mr. Galaviz did not file an opposition to the FBI's motion. (*See generally* Dkt.) The court has considered the FBI's motion, all

submissions filed in support of the FBI's motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS the FBI's motion and DISMISSES Mr. Galaviz's claims with prejudice and without leave to amend.

## II. BACKGRUOND

On August 23, 2019, Mr. Galaviz filed a *pro se* notice of small claim in King County District Court against the FBI. (*See* Compl.) Mr. Galaviz's initial claim sought $5,000.00 and indicated that the "amount owed" was for "[f]aulty [w]orkmanship," "[p]roperty [d]amage," and "[o]ther." (*Id.* at 2.) In response to a prompt on the notice of small claim form to "[e]xplain reason for claim," Mr. Galaviz stated:

> This has been an ongoing issue where I've incurred various losses, especially as it pertains to time because of the lack of regulatory oversight in relation to military technologies and law enforcement. There was Autonomous weapon systems, AGI + Nanotechnology (nanites) used on me in various ways to cause not only functional issues as it pertains to motor-sensory function but, also when it comes to the physical assets functionality itself. Nanotechnology has been used on my vehicle to cause performance issues which sometimes resulted in job loss & endangered my life while operating a motor vehicle.

(*Id.*)

On September 23, 2019, Mr. Galaviz filed an amended notice of small claim in King County District Court seeking $10,000.00 in damages. (*See* Am. Compl.) In his amended claim, Mr. Galaviz states that the "amount owed" is for "[a]uto-[d]amages,"

//

---

[1] As noted above, Mr. Galaviz did not respond to the FBI's motion (*see generally* Dkt.), and the FBI did not request oral argument on its motion (*see* MTD at 1.) The court does not consider oral argument to be helpful to its disposition of this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

"[w]ages," "[p]roperty [d]amages," and "[o]ther." (*Id.* at 2.) Following the prompt on the form to "[e]xplain reason for claim," Mr. Galaviz states:

> There has been so many attempts on my personal life periodically via attacking my current job performance + my relational ties to jobs in general + my mode of transportation that has affected my outcomes on many opportunities. This has been constantly going for some time and has made it very difficult to get anywhere occupation-wise because of this nanotechnological use on my valuables, many [writing unclear] of which includes damage to my vehicle by changing oil viscosity with nanotech, the fuel-intake value & overall combustion has been limited while I've needed transport to keep up with my expeditions, these have been lessened to reactively deal with this spite.

(*Id.*) Neither statement on Mr. Galaviz's initial claim or amended claim identifies the legal cause(s) of action under which Mr. Galaviz seeks to recover. (*See id.*; *see also* Compl. at 2.)

On October 8, 2019, the FBI removed Mr. Galaviz's action to federal court. (*See* Notice of Removal (Dkt. # 1).) On October 15, 2019, the FBI filed the present motion to dismiss. (*See* MTD.) As noted above, Mr. Galaviz failed to file an opposition to the FBI's motion. (*See generally* Dkt.) The court now considers the FBI's motion.

### III.   ANALYSIS

**A.   The FBI's Motion to Dismiss for Failure to State a Claim**

Dismissal is appropriate under Rule 12(b)(6) when a plaintiff fails to allege "a cognizable legal theory" or when there is an "absence of sufficient facts alleged" to sustain that legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *see also* Fed. R. Civ. P. 12(b)(6). A complaint is not sufficient if it tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 677 (2009) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the court is required on a Rule 12(b)(6) motion to dismiss to accept facts alleged in the complaint as true, the court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Further, although *pro se* complaints are to be construed liberally, even a *pro se* plaintiff "must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotation and citation omitted). Neither of the notice of claims satisfy these basic thresholds. Even liberally construed, Mr. Galaviz has not identified a basis for federal court jurisdiction or alleged facts sufficient to form the basis for any suit. Accordingly, the court GRANTS the FBI's motion and DISMISSES Mr. Galaviz's action.

**B.     The FBI's Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Under Rule 12(h)(3), the court must dismiss an action if it determines that it lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(h)(3); *see also* Fed. R. Civ. P. 12(b)(1) (providing for a motion to dismiss based on a lack of subject matter jurisdiction). Subject matter jurisdiction is a threshold issue that goes to the court's power to hear a case. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause") (quoting *Ex parte McCardle*, 7 U.S. 506, 514 (1868)). Federal courts are courts of limited

jurisdiction; they possess only that power authorized by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, federal courts are presumptively without jurisdiction over civil actions, and the burden of establishing the court's jurisdiction rests upon the party asserting it. *Id.*

The United States, as sovereign, is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). Any waiver of that immunity must be strictly construed in favor of the United States. *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33-34 (1992); *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).

The court is obligated to liberally construe Mr. Galaviz's *pro se* complaint. *See Capp v. Cty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019). Liberally construed, Mr. Galaviz's claim—that "nanotechnologies" or "nanites" and other devices such as "autonomous weapon systems" and "AGI" were "used on [him] in various ways," as well as on his vehicle, and that these devices caused him harm—sounds in tort. (*See* Compl. at 2; Am. Compl. at 2.) The Federal Tort Claims Act ("FTCA" or "the Act") is the exclusive remedy for claims sounding in tort against federal employees. 28 U.S.C. § 2679(b)(1). The FTCA offers a limited waiver of sovereign immunity for actions against the United States for the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id.* However, the FTCA's waiver of sovereign immunity is conditional. By its terms, the FTCA mandates that actions be brought in compliance with the procedures set forth in the Act or not at all. *See McNeil v. United States*, 508 U.S. 106, 112 (1993).

Among the procedures mandated by the FTCA is a requirement that putative plaintiffs participate in an administrative process with the relevant federal agency prior to filing suit. 28 U.S.C. § 2675(a). Specifically, the Act states, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

*Id.* Thus, exhaustion of administrative remedies constitutes a jurisdictional prerequisite to filing an FTCA action. *McNeil*, 508 U.S. at 113 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) ("The FTCA's exhaustion requirement is jurisdictional and may not be waived."). "Because the requirement is jurisdictional, it must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity." *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (internal citation and quotation omitted).

In order to fully exhaust his administrative remedies, Mr. Galaviz may not file suit until he has presented an administrative claim to the appropriate federal agency and either (1) the agency issues a final denial of the claim in writing ("actual exhaustion"), or (2) the agency fails to make a final disposition of the claim within six months of its filing ("constructive exhaustion"). *See* 28 U.S.C. § 2675(a); *see also Sparrow v. U.S. Postal*

*Serv.*, 825 F. Supp. 252, 253 (E.D. Cal. 1993). Because Mr. Galaviz has not filed an administrative claim with the FBI (*see* MTD at 6; *see also* Compl.; Am. Compl.), he has not satisfied this jurisdictional prerequisite to filing suit. Accordingly, the court GRANTS the FBI's motion and DISMISSES Mr. Galaviz's suit for lack of subject matter jurisdiction.

**C.    Leave to Amend**

Under Rule 15(a), the court "should freely give leave [to amend a pleading] when justice so requires," Fed. R. Civ. P. 15(a)(2), bearing in mind "the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (ellipses omitted). Generally, the court should deny leave to amend only if allowing the amendment would be futile, would unduly prejudice the opposing party, would cause undue delay, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

In this case, the court denies leave to amend because it would be futile. Federal courts consider the failure to respond to a motion to dismiss a claim to constitute a waiver of the claim at issue. *Lee v. Retail Store Emp. Bldg. Corp.*, No. 15-CV-04768-LHK, 2017 WL 346021, at *20 (N.D. Cal. Jan. 24, 2017) (denying leave to amend because the plaintiffs' "failure to even argue the issue in their opposition indicates a waiver of [the plaintiffs'] claim") (citing *Qureshi v. Countrywide Home Loans, Inc.*, No. C 09-4198 SBA, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010) (dismissing without leave to amend because the court construed plaintiff's failure to address, in his opposition brief,

claims challenged in a motion to dismiss, as an "abandonment of those claims")); *Prieto v. Fed. Home Loan Mortg. Corp.*, No. EDCV 14-01385-CJC, 2014 WL 4257860, at *2 (C.D. Cal. Aug. 28, 2014) ("As [the plaintiffs] have failed to respond to [the defendants'] motion to dismiss, and have not provided any indication in their Complaint that its deficiencies can be remedied, the Court finds that granting leave to amend the Complaint would be futile."). Because Mr. Galaviz has abandoned his claims by failing to respond to the FBI's motion to dismiss, the court DENIES leave to amend and DISMISSES his complaint with prejudice.

## IV. CONCLUSION

Based on the foregoing analysis, the court GRANTS the FBI's motion to dismiss (Dkt. # 4) and DISMISSES Mr. Galaviz's action with prejudice and without leave to amend.

Dated this 14th day of January, 2020.

JAMES L. ROBART
United States District Judge